UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| In Re: Dial Complete Marketing and Sales Litigation (MDL No. 2263) | ) ) ) ) ) ) | MDL Docket No. 11-md-2263-SM ALL CASES |

**STIPULATION AND ORDER**

  WHEREAS, The Nielsen Company (US) LLC ("Nielsen") has provided certain market research information to The Dial Corporation ("Client") in the form of reports ("Nielsen Reports");

  WHEREAS, the Nielsen Reports have been provided to Client for limited uses pursuant to contract;

  WHEREAS, the Nielsen Reports and the market research information therein ("Nielsen information") are proprietary to Nielsen and have a continuing value to Nielsen in that Nielsen regularly receives income from providing the information contained in Nielsen Reports to other clients that might be interested in the information contained in said Reports;

  WHEREAS, the plaintiffs in the above-captioned litigation ("Requesting Parties") have requested that Nielsen waive certain of its rights and permit certain limited disclosure of Nielsen information relating to Dial liquid hand soap (including regular, antibacterial, foaming and/or non-foaming) ("Dial Handsoap") and Nielsen, in turn, has requested the plaintiffs waive certain of its rights and allow a disclosure only on certain terms; and

  WHEREAS, the parties hereto desire to go forward with the discovery of documents containing market research information relating to Dial Handsoap without compromising the confidentiality and proprietary nature of Nielsen information; and

  WHEREAS, the parties hereto desire to use documents containing Nielsen information in pre-trial discovery, class certification, trial and appeal in such a way that the Nielsen information will not be disclosed to anyone other than as set forth herein, and further that the methodology utilized by Nielsen to generate syndicated market research reports and information will not be an issue that is contested in this lawsuit;

  THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto and Nielsen that Nielsen hereby does provide a limited waiver of its

rights in order to allow Client to disclose documents containing Nielsen information to the attorneys, consultants and retained experts for the Requesting Parties so that they may review the contents of said documents, provided that the terms and conditions set forth below are complied with by each party to this litigation:

    1.  This Order shall govern the disposition of any documents or information prepared, compiled and provided by Nielsen, or prepared by Client using Nielsen information, as specified below which may be produced by any party hereto in response to any discovery request.

    2.  This Stipulation shall pertain only to the following Nielsen Reports and Nielsen information:

        a.  Reports generated by Client for business purposes using Nielsen's Account Planner and Spectra services containing syndicated Nielsen information relating to retail sales of Dial Handsoap including other manufacturers' products in the same category contained in the same reports;

        b.  Custom BASES or similar research reports prepared for Client by Nielsen for business purposes relating to Dial Handsoap; and

        c.  Internal, ordinary-course e-mails, memoranda and other documents prepared by Client relating to Dial Handsoap and containing information relating to, derived from or specifically referencing certain Nielsen information contained in the Nielsen Reports.

Nielsen Reports or documents containing or concerning Nielsen information that do not relate to Dial Handsoap or other liquid or bar hand soaps shall not be disclosed under any condition.  To the extent that a document in categories (a), (b), or (c) contains Nielsen information that does not relate to such products, such information shall be redacted by the producing party before the document is produced.

    3.  All Nielsen Reports and other documents containing Nielsen information and all copies thereof shall be marked as "Highly Confidential" pursuant to the Confidentiality Agreement and Protective Order entered in this litigation.

    4.  The parties to the underlying lawsuit agree and stipulate that the syndicated market research information provided by Nielsen to Client reflecting Nielsen's estimates of retail activity relating to Dial Handsoap is a reasonably accurate representation of such activity and is admissible as evidence of such activity or assessment (provided that such evidence is relevant and material to any particular issue on which it may be offered).  The parties specifically stipulate to the authenticity and foundation for all information produced by Nielsen.

    5.  The parties hereby agree and stipulate that the syndicated Nielsen Reports and Nielsen information specified herein may be entered into evidence at trial, subject to the parenthetical limitation contained in paragraph 4.

6. The parties hereto agree not to assert and do hereby waive any objections to the authenticity and genuineness of any Nielsen Report or Nielsen information.

7. The parties hereto agree that neither Nielsen nor any Nielsen officer, director, employee, agent, or other individual will be subpoenaed or otherwise required to testify in any manner concerning any syndicated Nielsen Report or Nielsen Information to be offered into evidence, and further that the methodology utilized by Nielsen to generate such syndicated Reports or Information related to the syndicated Reports will not be an issue that is contested in this lawsuit.

8. Copies of Nielsen Reports or Nielsen information may be disclosed to other members and employees of the law firm representing the parties, provided that the other members and employees of the firm have a need to know the information and will be bound by the terms of this Order.

9. The Nielsen Reports and Nielsen information specified herein may be disclosed to the Requesting Parties, independent experts, consulting firms, and other independent contractors actually retained or employed to consult with, advise, assist, and/or counsel in the preparation or trial of this action, provided such persons have entered into the Confidentiality Agreement and Protective Order now in place in the lawsuit.  Said persons may make and retain copies of the documents during the pendency of this litigation subject to the terms of this Order.

10. The attorneys for Client shall promptly provide Nielsen with an accurate listing of all Nielsen Reports and Nielsen information provided to Requesting Party's attorneys pursuant to this Order.

11. All deposition testimony concerning Nielsen Reports or information shall be designated "Highly Confidential" pursuant to the Confidentiality Agreement and Protective Order entered in this litigation.  The parties agree to provide Nielsen with copies of any trial exhibits derived from Nielsen Information five (5) business days before the time such trial exhibits are offered into evidence.

12. The parties acknowledge that Nielsen retains all rights in and to the Nielsen Reports and Nielsen Information except as specifically waived herein.  At the conclusion of the litigation, including any and all appeals and retrials, all persons who have had access to Nielsen Reports or Nielsen Information shall return any and all copies of the Nielsen Reports and information in their possession to Client or shall destroy such copies and certify such destruction.

13. The parties agree to defer, but reserve the right to contest, issues regarding the accuracy of, or methodology underlying, BASES reports or other custom, non-syndicated reports or analyses prepared for Client by Nielsen.

14. A party shall give Nielsen ten (10) business days' advance written notice before contesting any issue pursuant to Paragraph 13, identifying the issue with particularity.  The parties shall then promptly meet and confer with Nielsen in good faith.

Should the Parties and Nielsen not agree on a resolution, the Parties reserve their right to contest the issue pursuant to Paragraph 13.

15.  Nielsen reserves the right to object to, oppose, or seek to quash any attempt by a party to contest an issue pursuant to Paragraph 13.  Nielsen shall meet and confer with the parties in good faith before requesting the Court's intervention.

16.  In the event that any party wishes to seek testimony from Nielsen by subpoena regarding any BASES report or other custom, non-syndicated report or analysis prepared for Client by Nielsen, the parties shall first meet and confer with Nielsen in good faith to (i) discuss possible alternatives such as proceeding via stipulation, affidavit, or declaration and (ii) ensure that the confidentiality of Nielsen's Information and methodology will be maintained through appropriate safeguards.

17.  Should the parties and Nielsen not agree on an acceptable alternative pursuant to Paragraph 16, the parties reserve their right to subpoena a Nielsen employee to testify by deposition or at trial.  A party shall give Nielsen ten (10) business days' advance written notice, following notice as under Paragraph 14, before issuing any subpoena, identifying with particularity the discovery or testimony to be sought.  Nielsen reserves its rights to object to, oppose, or seek to quash any such subpoena.

18.  The parties agree to defer, but reserve their rights with respect to, issues regarding the admissibility into evidence of any BASES report or other custom, non-syndicated report or analysis prepared for Client by Nielsen, summaries of such material, or testimony about such material.  The parties and Nielsen agree to meet and confer in good faith regarding an appropriate evidentiary stipulation in the event that one or more parties wish to use, or offer any testimony regarding, documents or information covered by this paragraph at trial or in any other evidentiary proceeding.

19.  The terms of this Order shall survive and remain in force and effect after the termination of this litigation and may not be altered or modified except by written stipulation executed by counsel for all parties hereto, and approved by Nielsen.

20.  It is agreed between the parties that Nielsen shall not be considered a party to this lawsuit, and the parties hereto agree that Nielsen shall have the right to enforce this Order before this Court at any time during or after this litigation.

21.  All notices concerning this Stipulation to Nielsen shall be mailed to Nielsen at the time that the notice to Nielsen is to be given as follows:

    Eric Rubenstein
    Senior Vice President and General Counsel – Global Media Services
    The Nielsen Company
    770 Broadway
    New York, New York 10003

The parties giving the notice shall also telephone the fact of the notice to the Senior Vice President and General Counsel – Global Media Services of The Nielsen Company by calling 646-654-5042.

**PLAINTIFFS' INTERIM LEAD COUNSEL**

Dated: November 14, 2012   By:   /s/ Lucy J. Karl
　　　　　　　　　　　　　　　　Lucy J. Karl
　　　　　　　　　　　　　　　　NH Bar #5547
　　　　　　　　　　　　　　　　Shaheen & Gordon, P.A.
　　　　　　　　　　　　　　　　107 Storrs Street, PO Box 2703
　　　　　　　　　　　　　　　　Concord, NH 03302-2703
　　　　　　　　　　　　　　　　Telephone: (603) 225-7262
　　　　　　　　　　　　　　　　Facsimile: (603) 225-5112
　　　　　　　　　　　　　　　　lkarl@shaheengordon.com

**THE NIELSON COMPANY**

Dated: November 14, 2012   By:   /s/ Eric Rubenstein
　　　　　　　　　　　　　　　　Eric Rubenstein
　　　　　　　　　　　　　　　　Senior VP and General Counsel
　　　　　　　　　　　　　　　　Global Media Services
　　　　　　　　　　　　　　　　770 Broadway
　　　　　　　　　　　　　　　　New York, New York 10003
　　　　　　　　　　　　　　　　Telephone: (646) 654-5042
　　　　　　　　　　　　　　　　Eric.Rubenstein@nielsen.com

**THE DIAL CORPORATION**

Dated: November 14, 2012   By:   /s/ Eugene A. Schoon
　　　　　　　　　　　　　　　　Eugene A. Schoon (IL Bar #6184081)
　　　　　　　　　　　　　　　　Sidley Austin LLP
　　　　　　　　　　　　　　　　One South Dearborn Street
　　　　　　　　　　　　　　　　Chicago, Illinois 60603
　　　　　　　　　　　　　　　　Telephone: (312) 853-7000
　　　　　　　　　　　　　　　　Facsimile: (312) 853-7036
　　　　　　　　　　　　　　　　eschoon@sidley.com

SO ORDERED, ADJUDGED, AND DECREED
This 29th day of ___November___, 2012

_____
THE HONORABLE STEVEN J. McAULIFFE
UNITED STATES DISTRICT JUDGE