UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

In re: Dial Complete Marketing          Case No. 11-md-2263-SM
and Sales Practices Litigation          ALL CASES
                                        Opinion No. 2014 DNH 148

**O R D E R**

Defendant's Motion for an Evidentiary Hearing on Class
Certification, doc. no. 165, is denied.  In support of their
respective class certification arguments the parties have
submitted extensive evidence that goes well beyond the pleadings,
including expert reports and depositions; the deposition
testimony by the named plaintiffs and Dial's Vice President in
charge of Dial Complete marketing; reports about customer
purchasing habits; and statements from Dial employees.  See
Comcast Corp. v. Behrend, ___ U.S. ___, 131 S. Ct. 1426, 1432
(2013) (courts should "probe behind the pleadings before coming
to rest on the certification question.") (quotation marks
omitted).  In light of that substantial body of evidence and
extensive briefing by the parties, the court perceives no
substantial need in this case for additional live testimony.  See
In re Puerto Rican Cabotage Antitrust Litig., 269 F.R.D. 125,
130, 135 (D.P.R. 2010) (Dominguez, J.) (finding no need for
evidentiary hearing in resolving class certification issues where
the court "received ample evidence from all parties," including

"affidavits and expert reports."); <u>In re eBay Seller Antitrust
Litig.</u>, 2009 WL 2779374, at *1 (N.D. Cal. Sept. 1, 2009) (denying
defendant's request for evidentiary hearing "given the breadth
. . . of the record available in this case" and because the
proposed hearing testimony had already been submitted in
deposition testimony and in expert reports).

To the extent defendant wishes to "highlight the testimony
and documents that each side considers most relevant to class
certification" (Def. Br., doc. no. 165-1, at 7), oral argument
will suffice.  To the extent defendant wishes to address the
"brand new expert report" (<u>id</u>. at 1) that plaintiffs referenced
in their reply brief in support of their motion for class
certification, that is best done in a sur-reply.  Of course,
"should this Court conclude that the record requires
supplementing or clarifying in the process of writing its
Memorandum Opinion and Order resolving the pending [motion for
class certification], it will inform the parties."  <u>In re
Polyurethane Foam Antitrust Litig.</u>, Case No. 1:10-md-2196-JZ, at
4-5 (N.D. Ohio Dec. 20, 2013).

Counsel shall confer with the Deputy Clerk regarding
convenient dates for oral argument, if oral argument is desired
on the certification motion.  Defendant shall file its sur-reply

2

in opposition to the motion for class certification within 30

days of the date of this Order.


        **SO ORDERED.**


                        _____
                        Steven J. McAuliffe
                        United States District Judge

June 26, 2014

cc:      Richard J. Arsenault, Esq.
         Eugene F. Assaf, Esq.
         Daniel E. Becnel, Jr., Esq.
         Robert M. Becnel, Esq.
         Karl A. Bekeny, Esq.
         Paul E. Benson, Esq.
         Amy Bloom, Esq.
         Jordan L. Chaikin, Esq.
         Elizabeth M. Chiarello, Esq.
         Salvadore Christina, Jr., Esq.
         John R. Climaco, Esq.
         Randall S. Crompton, Esq.
         Stuart A. Davidson, Esq.
         Mark J. Dearman, Esq.
         Douglas P. Dehler, Esq.
         Christopher M. Ellis, Esq.
         John E. Galvin, III, Esq.
         Jonathan H. Garside, Esq.
         Mark J. Geragos, Esq.
         Jayne A. Goldstein, Esq.
         Eric D. Holland, Esq.
         Edwin J. U, Esq.
         D. Scott Kalish, Esq.
         Lucy J. Karl, Esq.
         Shelley Kaufman, Esq.
         Sean T. Keith, Esq.
         Adam J. Levitt, Esq.
         Patricia E. Lowry, Esq.
         Thomas D. Mauriello, Esq.
         Robert H. Miller, Esq.
         Matthew B. Moreland, Esq.
         Cullen A. O'Brien, Esq.
         Edward K. O'Brien, Esq.
         John A. Peca, Jr., Esq.

```
Chad W. Pekron, Esq.
Frank E. Piscitelli, Jr., Esq.
David C. Rash, Esq.
Richard D. Raskin, Esq.
Allison W. Reimann, Esq.
Fred R. Rosenthal, Esq.
Charles E. Schaffer, Esq.
Miriam L. Schimmel, Esq.
Gerard B. Schneller, Esq.
Eugene A. Schoon, Esq.
James C. Shah, Esq.
Joseph J. Siprut, Esq.
Andrew J. Sokolowski, Esq.
Steven J. Stolze, Esq.
Reginald Von Terrell, Esq.
John C. Theisen, Esq.
Robert C. Tucker, Esq.
John M. Turner, Esq.
Patrick G. Warner, Esq.
Robert R. Younger, Esq.
```